UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LVNV FUNDING LLC,<br><br>         Plaintiff,<br><br>v.<br><br>MELINA C. HALL, and individual; and DOES 1 through 10, inclusive,<br><br>         Defendant. | Case No.: 19-cv-2099-GPC(RBB)<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

  On November 4, 2019, Defendant Melina C. Hall, proceeding pro se, filed a notice of removal.[1] (Dkt. No. 4.) Based on the reasoning below, the Court sua sponte remands the case to state court for lack of subject matter jurisdiction.

**Discussion**

  On September 10, 2019, Plaintiff LVNV Funding LLC filed a complaint against Defendant Melina C Hall in the San Diego Superior Court for account stated and open book account seeking damages in the amount of $5,456.78. (Dkt. No. 4 at 7[2].) On November 4, 2019, Defendant filed a notice of removal asserting the Court's diversity

---

[1] On November 1, 2019, Melina Hall mistakenly filed her answer and counterclaim as a Complaint in this Court. (Dkt. No. 1.) Three days later, she corrected her filing with a notice of removal. (Dkt. No. 4.)
[2] Page numbers are based on the CM/ECF pagination.

1

and federal question jurisdiction based on allegations in her counterclaim. Her counterclaim alleges violations of the TCPA[3], FCRA[4] and FDCPA[5] and seeks statutory damages in the amount of $84,000. (Dkt. No. 1.) Defendant claims that the Court has subject matter jurisdiction over the case because her counterclaim alleges violations of federal law and she seeks over $75,000. (Dkt. No. 4 at 2-3.)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is

---

[3] Telephone Consumer Protection Act.
[4] Fair Credit Reporting Act.
[5] Fair Debt Collection Practices Act.

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393. Moreover, a counterclaim cannot be a basis for federal question jurisdiction under 28 U.S.C. § 1331. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002) ("allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts."). The more than $75,000 amount in controversy must also be evident from the complaint and not counterclaim. See e.g., Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Here, Defendant improperly relies solely on the allegations in the counterclaim to seek the Court's diversity and federal question jurisdiction. Accordingly, Defendant has failed to demonstrate the Court has subject matter jurisdiction over the complaint and the case must be remanded to state court.

## Conclusion

Based on the reasoning above, the Court SUA SPONTE remands the case to state court.

**IT IS SO ORDERED.**

Dated: November 22, 2019

Hon. Gonzalo P. Curiel
United States District Judge